IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------x

EAST ORANGE BOARD OF EDUCATION ("EOBOE") and NEW JERSEY SCHOOLS INSURANCE GROUP ("NJSIG"),

                  Plaintiffs,

v.

GREAT AMERICAN INSURANCE COMPANY ("GAIC")

                  Defendant.

Case No. 2:21-cv-15132

**ANSWER AND AFFIRMATIVE DEFENSES**

---------------------------------------------------------------x

      Defendant Great American Insurance Company ("GAIC" or "Defendant"), through its undersigned attorneys, files the following Answer and Affirmative Defenses to the Complaint filed by Plaintiffs East Orange Board of Education ("EOBOE") and New Jersey Schools Insurance Group ("NJSIG") (collectively, "Plaintiffs").

### NATURE OF THE ACTION

      1.    GAIC admits that this action purports to seek recovery under an insurance policy (the "Policy") that provided Computer Fraud and Forgery coverage. GAIC denies the remaining allegations contained in paragraph 1 of the Complaint.

### THE PARTIES

      2.    GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

      3.    GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

{00237603 - 1}

4. GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. GAIC admits the allegations contained in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Paragraph 6 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, GAIC admits that the Complaint purports to seek more than $75,000 in damages and that it alleges that the parties are citizens of different states.

7. Paragraph 7 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, GAIC admits that the Complaint alleges certain acts that occurred in New Jersey.

## FACTUAL ALLEGATIONS

8. GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. GAIC denies the allegations of paragraph 20 of the Complaint to the extent that it asserts that "unknown criminals gained unauthorized access of EOBOE's computer system in December and January of 2020" and "gained unauthorized access to the email accounts of several EOBOE employees." GAIC is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 20 of the Complaint.

21. GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, except to state that the terms "direct result" and "unauthorized access" constitute legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

22. GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, except to state that the phrase

"unauthorized access to EOBOE's computer system" constitutes a legal conclusion to which no response is required. To the extent a response is required, those allegations are denied.

23. GAIC denies the allegations contained in paragraph 23 of the Complaint.

24. GAIC denies the allegations contained in paragraph 24 of the Complaint.

25. GAIC denies the allegations contained in paragraph 25 of the Complaint.

26. GAIC denies the allegations contained in paragraph 26 of the Complaint.

27. GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

### *GAIC's Computer Fraud Insuring Agreement*

28. GAIC admits that NJSIG is a named insured under the Policy and that the Policy contains a Computer Fraud Insuring Agreement. GAIC is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 28 of the Complaint.

29. GAIC admits that the Policy contains the quoted language alleged in paragraph 29 of the Complaint, and otherwise refers to the terms of the Policy for its full content, meaning and import.

### *GAIC's Forgery Policy*

30. GAIC admits that the Policy includes a provision captioned "Forgery Insuring Agreement" as alleged in paragraph 30 of the Complaint, and otherwise refers to the terms of the Policy for its full content, meaning and import.

31. GAIC admits that the Policy contains the quoted language alleged in paragraph 31 of the Complaint, and otherwise refers to the terms of the Policy for its full content, meaning and import.

32. GAIC admits that the Policy contains the quoted language alleged in paragraph 32 of the Complaint, and otherwise refers to the terms of the Policy for its full content, meaning and import.

*__Proof of Loss and Declination__*

33. GAIC admits that Plaintiffs submitted a Proof of Loss after Plaintiffs discovered what they have asserted is a "loss." GAIC denies the remainder of the allegations contained in paragraph 33 of the Complaint.

34. GAIC admits that on or about September 23, 2020, it denied Plaintiffs' claim that is the subject of the Complaint.

35. GAIC admits that on or about January 19, 2021, Plaintiffs submitted an appeal of GAIC's denial of the claim.

36. GAIC admits the allegations contained in paragraph 36 of the Complaint.

## COUNT I – DECLARATORY RELIEF

37. GAIC repeats and realleges its previous responses as if fully set forth herein.

38. GAIC denies the allegations contained in paragraph 38 of the Complaint.

39. GAIC denies the allegations contained in paragraph 39 of the Complaint.

40. GAIC admits that it has denied coverage of the claim that is the subject of the Complaint. GAIC otherwise denies the allegations contained in paragraph 40 of the Complaint.

*__Computer Fraud Coverage__*

41. GAIC denies the allegations contained in paragraph 41 of the Complaint.

42. GAIC denies the allegations contained in paragraph 42 of the Complaint.

43. GAIC denies the allegations contained in paragraph 43 of the Complaint.

44. GAIC admits that the Policy contains the quoted language alleged in paragraph 44 of the Complaint. GAIC denies the remaining allegations contained in paragraph 44 of the Complaint.

45. GAIC denies the allegations contained in paragraph 45 of the Complaint.

46. GAIC admits that it denied coverage of the claim that is the subject of the Complaint.

47. GAIC states that paragraph 47 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

*Forgery Coverage*

48. GAIC denies the allegations contained in paragraph 48 of the Complaint.

49. GAIC denies the allegations contained in paragraph 49 of the Complaint.

50. GAIC denies the allegations contained in paragraph 50 of the Complaint.

51. GAIC admits that it denied coverage of the claim that is the subject of the Complaint.

52. GAIC states that paragraph 52 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

WHEREFORE, defendant Great American Insurance Company respectfully requests that the Court enter judgment in its favor and dismiss the Complaint herein with prejudice, and provide such other and further relief as the Court deems just, equitable and proper.

**COUNT II Breach of Contract**

51 [sic] GAIC repeats and realleges its previous responses as if fully set forth herein.

52 [sic] GAIC denies the allegations contained in paragraph 52 of the Complaint under the heading "COUNT II Breach of Contract."

53 [sic] GAIC states that the allegations contained in paragraph 53 of the Complaint under the heading "COUNT II Breach of Contract" contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

54 [sic] GAIC denies the allegations contained in paragraph 54 of the Complaint under the heading "COUNT II Breach of Contract."

55 [sic] GAIC denies the allegations contained in paragraph 55 of the Complaint under the heading "COUNT II Breach of Contract."

56 [sic] GAIC denies the allegations contained in paragraph 56 of the Complaint under the heading "COUNT II Breach of Contract."

WHEREFORE, defendant Great American Insurance Company respectfully requests that the Court enter judgment in its favor and dismiss the Complaint herein with prejudice, and provide such other and further relief as the Court deems just, equitable and proper.

## AFFIRMATIVE DEFENSES

GAIC, without prejudice to its answers and denials to the allegations in the Complaint, asserts the following Affirmative Defenses.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have not suffered a "loss" to the extent that it only made one payment for services rendered.

### THIRD AFFIRMATIVE DEFENSE

There was no "imperson[ation]" of Plaintiffs, Plaintiffs' "authorized officer," or "employee," and thus there is no coverage under Insuring Agreement 5 of the Policy.

## FOURTH AFFIRMATIVE DEFENSE

There was no "imperson[ation]" of Plaintiffs, Plaintiffs' "authorized officer," or Plaintiffs' "employee" in order "to gain direct access to [Plaintiffs'] computer system," and thus there is no coverage under Insuring Agreement 5 of the Policy.

## FIFTH AFFIRMATIVE DEFENSE

Any "loss" was not "directly" the result of "the use of any computer to impersonate [Plaintiffs], or [Plaintiffs'] authorized officer or employee, to gain access to [Plaintiffs'] computer system," and thus there is no coverage under Insuring Agreement 5 of the Policy.

## SIXTH AFFIRMATIVE DEFENSE

There is no coverage under Insuring Agreement 2 for Forgery or Alteration in that a request for payment via email from an imposter does not constitute a "loss resulting directly from forgery or alteration of checks, drafts, promissory notes, or similar written promises, orders, or directions to pay a sum certain in money that are: (1) made or drawn upon you; (2) made or drawn by one acting as your agent; or that purport to have been so made or drawn."

## SEVENTH AFFIRMATIVE DEFENSE

There was no "forgery" as the Policy defines that term in that what is colloquially referred to as an "email signature" is not "the signing of the name of another person or organization with the intent to deceive."

## EIGHTH AFFIRMATIVE DEFENSE

The Policy excludes coverage for "[l]oss that is an indirect result of any act or occurrence covered by this Policy . . . ." To the extent that there was any "imperson[ation]" of Plaintiffs' or their employees, it did not directly lead to any loss.

## NINTH AFFIRMATIVE DEFENSE

The Policy does not provide coverage for what is sometimes referred to as "Fraudulently Induced Transfers." Plaintiffs procured that type of coverage under a different insurance policy issued by a third-party insurer.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent they have failed to mitigate their damages.

## OTHER DEFENSES RESERVED

Great American does not waive, and explicitly reserves its right to assert additional affirmative defenses, and to rely on any other Policy terms and exclusions not explicitly asserted herein.

WHEREFORE, defendant Great American Insurance Company respectfully requests that the Court enter judgment in its favor and dismiss the Complaint herein with prejudice, and provide such other and further relief as the Court deems just, equitable and proper.

Dated: September 2, 2021

        THE DRATCH LAW FIRM

        /s/  Stephen N. Dratch
        Stephen N. Dratch (sdratch@njcounsel.com)
        Daniel Lebersfeld (dlebersfeld@gmail.com)
        354 Eisenhower Parkway
        Livingston, New Jersey 07039
        (973) 992-3700
        *Counsel for defendant Great American Insurance Company*

## CERTIFICATION

Pursuant to Local Rule 11.2, the undersigned hereby certifies that to the best of my knowledge, the matters raised herein are not the subject of any other pending lawsuit, arbitration, or administrative proceeding.

Dated: September 2, 2021

                                              /s/ Stephen N. Dratch
                                              Stephen N. Dratch