IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------x

EAST ORANGE BOARD OF EDUCATION ("EBOE") and NEW JERSEY SCHOOLS INSURANCE GROUP ("NJSIG"),

Plaintiffs,

v.

GREAT AMERICAN INSURANCE COMPANY ("GAIC")

Defendant.

------------------------------------------------------------x

Case No. 2:21-cv-15132

**DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION AND IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 56.1, Defendant Great American Insurance Company ("Defendant" or "Great American") submits this response to the Statement of Material Facts in Support of Plaintiffs' Cross-Motion for Summary Judgment in opposition to Plaintiffs' cross-motion for summary judgment and in further support of Defendant's motion for summary judgment.[1]

**<u>The Fraud against EOBOE</u>**

1. The EOBOE received invoice number IN704308, dated November 4, 2019, from Carahsoft Technology Corporation ("Carahsoft") in the amount of

[1] Unless otherwise stated, citations to the record are denoted in the same way as in Plaintiffs' statement of material facts in support of its cross-motion.

$593,498.31 for the provision of security cameras and related software and services ("Invoice"). Declaration of Howard Pashman, dated July 14, 2023 submitted herewith ("Pashman Decl."), Ex. 1 at GAIC000466-67.

**RESPONSE**: Undisputed.

2. On November 11, 2019, Dolly Lilly, a "Collections Specialist" at Carahsoft ("Lilly"), emailed Dion Bailey ("Bailey"), an employee of the EOBOE. Pashman Decl., Ex. 1 at GAIC000412, 469.

**RESPONSE:** Undisputed.

3. The November 11, 2019 email acknowledged that the Carahsoft "invoice is not yet due" but asked if Bailey had any questions about it. Pashman Decl., Ex. 1 at GAIC000469.

**RESPONSE:** Undisputed.

4. On November 21, 2019, Ms. Lilly emailed Bailey and Vaughn Miller, an employee of EOBOE who was a Senior Network Manager ("Miller"), to ask if the Invoice "has been approved." Pashman Decl., Ex. 1 at GAIC000469, Ex. 2 at 586-87.

**RESPONSE:** Undisputed.

5. On December 5, 2019, Lilly again emailed Bailey, with cc's to Miller and Deborah Head, an employee in the EOBOE's business office ("Head"), inquiring about the status of payment of the Invoice. Pashman Decl., Ex. 1 at GAIC000473,

482-83. The December 5 email also cc'd a recipient identified as "Tim Boltz" at a Carahsoft email address ("Boltz"). Pashman Decl., Ex. 1 at GAIC000473.

**RESPONSE:** Undisputed.

6. On December 17, 2019, Lilly replied to her December 5 email and again emailed Bailey and Miller, with cc's to Head and Boltz, inquiring about the status of payment of the Invoice. Pashman Decl., Ex. 1 at GAIC000475-6.

**RESPONSE:** Undisputed.

7. On December 31, 2019, Lilly replied to her December 17 email and again emailed Bailey and Miller, with cc's to Head and Boltz, inquiring about the status of payment of the Invoice. Pashman Decl., Ex. 1 at GAIC000478.

**RESPONSE:** Undisputed.

8. On January 6, 2020, Lilly again emailed various employees of the EOBOE asking about the status of payment of the Invoice. Pashman Decl., Ex. 1at GAIC000480.

**RESPONSE:** Undisputed.

9. On January 6, Head replied to Lilly and informed her that Carahsoft needed to sign a form so that the Invoice could be approved at the January 14, 2020 meeting of the EOBOE. Pashman Decl., Ex. 1 at GAIC000482-83.

**RESPONSE:** Undisputed except to note that the "form" Head referred to was purportedly a "Vendor's Declaration," which does not appear to be provided in Plaintiffs' moving papers. Pashman Decl., Ex. 1 at GAIC000482-83.

10. On January 7, 2020, Head and Lilly exchanged emails regarding the signed form. Pashman Decl., Ex. 1 at GAIC000485.

**RESPONSE:** Undisputed except to note that the cited emails purport to attach a signed copy of the "form," which does not appear to be provided in Plaintiffs' moving papers. Pashman Decl., Ex. 1 at GAIC000482-83.

11. On January 13, 2020, Lilly emailed Head and others to ask if payment of the Invoice had been approved. On the same day, Head replied to Lilly that payment could not be approved until the EOBOE met the next day, January 14. Pashman Decl., Ex. 1 at GAIC000487.

**RESPONSE:** Undisputed.

12. The EOBOE approved payment of the Invoice at its January 14, 2020 meeting. Pashman Decl., Ex. 1 at GAIC000412.

**RESPONSE:** For purposes of Plaintiffs' cross-motion and Great American's motion, Great American does not dispute the allegation. Great American notes that the evidence cited for the allegation is inadmissible hearsay. Great American therefore does not waive its right to object to the admissibility of the allegation.

13. On January 15, 2020, Lilly again replied to her earlier messages and emailed Head and others to ask if payment of the Invoice had been approved. Pashman Decl., Ex. 1 at GAIC000534-35.

**RESPONSE:** Undisputed.

14. On January 21, 2020, Michael Cohn ("Cohn"), an accounts receivable specialist at Carahsoft, emailed Head and others to ask about the status of payment of the Invoice. Pashman Decl., Ex. 1 at GAIC000537-38.

**RESPONSE:** Undisputed.

15. On January 22, 2020, Beth Brooks, an employee of EOBOE who was the board's Business Administrator ("Brooks"), emailed EOBOE's bank, TD Bank, to request that the Invoice be paid. Pashman Decl., Ex. 1 at GAIC000480, 540; GAIC Statement of Undisputed Material Facts ("GAIC SUMF"), Ex. F at 46:23-47:6.

**RESPONSE:** Undisputed.

16. On January 23, 2020 at 1:11 p.m., Brooks emailed TD Bank to correct documentation related to payment of the Invoice. Pashman Decl., Ex. 1 at GAIC000542.

**RESPONSE:** Undisputed.

17. Less than one half-hour later, at 1:28 p.m. on January 23, 2020, unknown individuals fraudulently registered the domain name "carhasoft.com,"

which switched the "a" and "h" in the legitimate name "Carahsoft." Pashman Decl., Ex. 1 at GAIC000413.

**RESPONSE:** Disputed to the extent the allegation purports to provide the date and time that the "carhasoft.com" domain name was registered, as the evidence cited in support thereof are allegations contained in a letter from a representative of NJSIG to Great American (Pashman Decl., Ex. 1 at GAIC000413), which is inadmissible hearsay.

18. Approximately forty-five minutes later, at 2:13 p.m. on January 23, 2020, fraudsters sent an email purporting to be from Lilly to Brooks, Head, and others (January 23 Email). Pashman Decl., Ex. 1 at GAIC000547.

**RESPONSE:** Undisputed that the January 23 Email was sent at 2:13 p.m. Disputed that it was sent "approximately forty-five minutes later" than the registration of the "carhasoft.com" domain name as the supposed date and time attributed to that registration is supported only by allegations contained in a letter from a representative of NJSIG to Great American (Pashman Decl., Ex. 1 at GAIC000413), which is inadmissible hearsay.

19. The January 23 Email stated that "we have updated our remittance information" and asked that payment be sent to an account in the name of "Carahsoft Technology Corp." at Chase Bank. Pashman Decl., Ex. 1 at GAIC000547.

**RESPONSE:** Undisputed.

20. The fraudulent January 23 Email was inserted into a prior, legitimate email chain involving Lilly (GAIC SUMF, Ex. B at KROLL_EOBOE_08879-81), and appeared as though Lilly had replied to her own emails as she had done before. *See, e.g.,* Pashman Decl., Ex. 1 at GAIC000475-76, 478, 534-35.

**RESPONSE:** Undisputed that the January 23 Email appears as part of a legitimate exchange of emails between EOBOE personnel and Dolly Lilly. GAIC SUMF, Ex. B at KROLL_EOBOE_08879-81.

21. Those perpetrating the fraud altered the account information for payment; the domain name "@carhasoft"; and the prior, legitimate exchange by adding the fraudulent email to it. *Compare* GAIC SUMF, Ex. B at KROLL_EOBOE_08879-81, *with* Pashman Decl., Ex. 1 at GAIC000475-76, 478, 483.

**RESPONSE:** Not disputed that those perpetrating the fraud did so by sending an email dated January 23, 2020 at approximately 2:13 p.m. with the domain name "@carhasoft," which is part of Exhibit 1 to the Declaration of Howard Pashman at GAIC000475. Plaintiffs' allegation that this email "altered the account information for payment" is a legal conclusion to which no response is required. To the extent a response is required, it is disputed as the documents

cited in the allegation demonstrate only that the individuals perpetrating the fraud did so by providing information of an account that did not belong to Carahsoft.

22. On January 23, 2020 at 3:48 p.m., Brooks emailed TD Bank to request that payment of the Invoice be sent to the fraudulent account provided in the January 23 Email. Pashman Decl., Ex. 1 at GAIC000547.

**RESPONSE:** Undisputed.

23. On January 24, 2020, TD Bank transferred $593,498.31 to the fraudulent account in the mistaken belief that the payment satisfied the Invoice. Pashman Decl., Ex. 1 at GAIC000414, 554.

**RESPONSE:** Undisputed that the funds were transferred on or about January 24, 2020 to the account that appears to have belonged to the individual(s) that perpetrated the fraud on EOBOE. The documents cited in the allegation do not support that part of the allegation as to what TD Bank's "belief" might have been.

24. On January 29, 2020, TD Bank confirmed to Brooks that payment of the Invoice had been funded and mailed. Pashman Decl., Ex. 1 at GAIC000557.

**RESPONSE:** Undisputed.

25. On February 4, 2020, Lilly emailed Head and others to ask about the status of payment of the Invoice. Pashman Decl., Ex. 1 at GAIC000561.

**RESPONSE:** Undisputed.

26. Upon further investigation, EOBOE employees realized that they had been defrauded and the payment that they believed satisfied the Invoice went to criminals instead. Pashman Decl., Ex. 1 at GAIC000414.

**RESPONSE:** For purposes of Plaintiffs' cross-motion and Great American's motion, Great American does not dispute the allegation. Great American notes that the evidence cited for the allegation is inadmissible hearsay. Great American therefore does not waive its right to object to the admissibility of the allegation or the documents cited in support thereof.

**Reporting the Fraud**

27. On February 7, 2020, NJSIG, on behalf of itself and its member EOBOE, submitted a claim to GAIC. GAIC SUMF, Ex. I at EOBOE000001-2.

**RESPONSE:** Undisputed that on February 7, 2020 NJSIG, on behalf of itself and its member, EOBOE, provided notice of a potential claim to GAIC.

28. On February 7, 2020, Brooks reported the fraud to the U.S. Secret Service. Pashman Decl., Ex. 2 at GAIC000594. However, given the amount of time that had passed since payment was made, EOBOE was unable to recover any of the money sent to the fraudsters. *See* Plaintiffs' Response to GAIC SUMF ("Plaintiffs' Response") at ¶ 15.

**RESPONSE:** Undisputed.

29. NJSIG, on behalf of itself and its member EOBOE, reported the fraud to Beazley, which concluded on February 18, 2020 that the incident was covered under the Beazley Policy, specifically under an insuring agreement for "Privacy Breach Response Services." GAIC SUMF, Ex. E at EOBOE000051-52.

**RESPONSE:** Undisputed.

30. On April 27, 2020, Beazley concluded that the fraud was also covered under a "Fraudulent Instruction" insuring agreement, and that coverage under all insuring agreements was subject to a $10,000 retention and $100,000 limit of liability. GAIC SUMF, Ex. E at EOBOE000050-51.

**RESPONSE:** Undisputed.

31. Plaintiffs notified GAIC of the loss on February 7, 2020 (Plaintiffs' Response at ¶ 30) and submitted a proof of loss sworn to on August 12, 2020, with supporting documentation ("Proof of Loss" or "Claim") (Pashman Decl., Ex. 2). Taking account of the $100,000 received under the Beazley Policy, the total amount of EOBOE's loss was $493,498.31 (593,498.31 minus 100,000). Pashman Decl., Ex. 2 at GAIC000580.

**RESPONSE:** Undisputed.

32. By letter dated September 23, 2020, GAIC denied the Claim. Plaintiffs' Response at ¶ 33.

**RESPONSE:** Undisputed.

33. By letter dated January 19, 2021, Plaintiffs appealed the denial of the Claim and provided additional documentation in support of the appeal. Pashman Decl., Ex. 1 at GAIC000411-563.

**RESPONSE:** Undisputed.

34. By letter dated February 2, 2021, GAIC affirmed the denial of coverage. Plaintiffs' Response, ¶ 36.

**RESPONSE:** Undisputed.

**The Forensic Computer Examination**

35. [redacted] Pashman Decl., Ex. 2 at GAIC000586-87.

**RESPONSE:** Undisputed that [redacted] Disputed that the cited document constitutes admissible evidence that supports the allegation [redacted]

36. EOBOE subsequently used the proceeds received under the Beazley Policy to hire Kroll to perform a forensic computer examination (Plaintiffs' Response at ¶ 20) and Kroll was retained on or about April 15, 2020 (GAIC SUMF, Ex. F at 19:24-20:6).

**RESPONSE:** Disputed to the extent the allegations state that EOBOE "used the proceeds under the Beazley Policy" to perform the forensic computer examination. Rather, Insuring Agreement B of the Beazley Policy provided that Beazley would pay for "a computer security expert to determine the existence and cause of an actual or suspected electronic data breach which may require [EOBOE] to comply a Breach Notice Law and to determine the extent to which such information was accessed by an unauthorized person or persons." (GAIC SUMF ¶ 19, Ex. E at EOBOE00051-52). Otherwise undisputed.

37. [redacted] GAIC SUMF, Ex. F at 102:20-23. [redacted] Pashman Decl., Ex. 3 at KROLL_EOBOE_00665.

**RESPONSE:** Disputed. [redacted] GAIC SUMF Ex. F at 41:3-5.



38. [redacted] Pashman Decl., Ex. 3 at KROLL_EOBOE_00662.

**RESPONSE:** Disputed to the extent the allegation claims [redacted] as the allegation is unsupported and imprecise. For purposes of Plaintiffs' cross-motion for summary judgment and Great American's motion for summary judgment, [redacted] Great American notes, however, that the evidence cited for the allegation is inadmissible hearsay to the extent it is offered to demonstrate that Kroll found unauthorized access across a number of accounts. Great American therefore does not waive its right to object to the admissibility of the allegation or the documents cited in support thereof.

39. [redacted]

[redacted] GAIC SUMF, Ex. F at 105:16-18.

**RESPONSE:** Undisputed.

40. [redacted] Pashman Decl., Ex. 4 at KROLL_EOBOE_09343.

**RESPONSE:** Undisputed that the cited email contains the language quoted in the allegation. Great American disputes the allegation as the document to which it cites is inadmissible hearsay to the extent [redacted] If the Court deems the document admissible, Great American states that [redacted] Pashman Decl., Ex. 4 at KROLL_EOBOE_09343.

41. [redacted]



GAIC SUMF, Ex. F at 108:9-10.

**RESPONSE:** Undisputed that Kroll's corporate representative so testified.

42.

Pashman Decl., Ex. 5 at KROLL_EOBOE_0651.

**RESPONSE:** Undisputed that the cited email contains the language quoted in the allegation. Great American disputes the allegation as the document to which it cites is inadmissible hearsay to the extent it is offered

43.

Pashman Decl., Ex. 5 at KROLL_EOBOE_0651.

**RESPONSE:** Undisputed that the cited email contains the language quoted in the allegation. Great American disputes the allegation as the document to which it cites

is inadmissible hearsay to the extent [REDACTED]

44. [REDACTED] GAIC SUMF, Ex. F at 115:14-15.

**RESPONSE:** [REDACTED] Otherwise undisputed.

45. [REDACTED] GAIC SUMF, Ex. F at 42:14-43:15.

**RESPONSE:** Undisputed that Kroll's corporate representative so testified.

46. [REDACTED]

GAIC SUMF, Ex. F at 109:6-8.

**RESPONSE:** Undisputed that Kroll's corporate representative so testified.



47. [redacted] GAIC SUMF, Ex. F at 180:1-12, 76:6-7.

**RESPONSE:** [redacted] GAIC SUMF Ex. F at 182:12-183:18. [redacted] *Id.* at 89:18-91:24.

48. [redacted] *See, supra,* at ¶¶ 35, 40-41.

**RESPONSE:** [redacted] Disputed to the extent that Plaintiffs purport to support the allegations by citing to Exhibits 2 and 4 of the Pashman Declaration as those documents are inadmissible hearsay.



49. *See* Plaintiffs' Response, ¶ 23.

**RESPONSE:** Undisputed.

50.

**RESPONSE:** Undisputed that Kroll's corporate representative gave the quoted testimony. The last sentence is Plaintiffs' characterization of that testimony that is unsupported by a citation to evidence in the record and therefore no response to that part of the allegation is required. To the extent a response is required, that allegation is disputed,



[redacted] GAIC SUMF, Ex. F at 130:12-16.

51. [redacted] (Pashman Decl., Ex. 6 at KROLL_EOBOE_0765), [redacted] GAIC SUMF, Ex. F at 125:7-8.

**RESPONSE**: Undisputed that the cited document contains the quotation and Kroll's corporate representative gave the quoted testimony. Disputed to the extent the allegation relies on Exhibit 6 to the Pashman Declaration for the truth of the matters asserted therein on the grounds that it is inadmissible hearsay.

52. [redacted] (Pashman Decl., Ex. 6 at KROLL_EOBOE_0766. *See also* GAIC SUMF, Ex. F at 143:21-144:17.

**RESPONSE:** Disputed to the extent that the allegations relies on Exhibit 6 to the Pashman Declaration, which is inadmissible hearsay to the extent [redacted] Pashman Decl., Ex. 6 at KROLL_EOBOE_0766-77.

53. [redacted] Pashman Decl., Ex. 6 at KROLL_EOBOE_0769-70. [redacted] *See, e.g.,* Pashman Decl., Ex. 7 at KROLL_EOBOE_09254.

**RESPONSE:** Undisputed that the documents cited [redacted] Pashman Decl., Ex. 7 at KROLL_EOBOE_09254. Disputed to the extent the documents cited to support the allegations are inadmissible hearsay if they are offered [redacted]

54. [redacted] Pashman Decl., Ex. 6 at KROLL_EOBOE_0771.

**RESPONSE:** Undisputed that the cited document appears to reflect [redacted] Disputed to the extent the cited document is inadmissible hearsay if it [redacted].

55. [redacted]

[redacted] Pashman Decl., Ex. 7 at KROLL_EOBOE_09254.

**RESPONSE:** [redacted] Disputed to the extent the cited document [redacted] on the grounds that the document is inadmissible hearsay.

56. [redacted] Pashman Decl., Ex. 8 at KROLL_EOBOE_00019; GAIC SUMF, Ex. F at 163:9-164:6.

**RESPONSE:** Undisputed that the cited document [redacted] Disputed as the cited document is inadmissible hearsay to the extent that it [redacted]

57. [redacted]

[redacted] Pashman Decl., Ex. 9 at KROLL_EOBOE_02082.

**RESPONSE:** Undisputed that the cited document states [redacted] Pashman Decl., Ex. 9 at KROLL_EOBOE_02082. Disputed to the extent the cited document is inadmissible hearsay.

58. Kroll did not prepare a final written report of its findings. GAIC SUMF, Ex. F at 28:2-6.

**RESPONSE:** Undisputed.

**Defendant's Statement of Additional Material Facts**

In accordance with Local Civ. R. 56.1, Great American propounds the following supplemental statement of material facts. In addition to the facts set forth below, Great American incorporates by reference its Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment and Plaintiffs' responses thereto.

59. The Great American Policy was drafted by the Surety Association of America and various trade groups. Exhibit A at No. 4.

60. [redacted]



GAIC SUMF, Ex. F at 151:7-16.

61.

GAIC SUMF, Ex. F at 137:5-17.

62.

Pashman Decl. Ex. 6 at KROLL_EOBOE00766-77; *see also* GAIC SUMF, Ex. F at 53:10-15.

Dated: July 28, 2023

THE DRATCH LAW FIRM

/s/ Stephen N. Dratch
Stephen N. Dratch (sdratch@njcounsel.com)
Daniel Lebersfeld (dlebersfeld@gmail.com)
354 Eisenhower Parkway
Livingston, New Jersey 07039
(973) 992-3700
*Counsel for Defendant Great American Insurance Company*