# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| EAST ORANGE BOARD OF EDUCATION ("EOBOE") AND NEW JERSEY SCHOOLS INSURANCE GROUP ("NJSIG"), <br><br>     Plaintiffs, <br><br>       v. <br><br> GREAT AMERICAN INSURANCE COMPANY ("GAIC"), <br><br>     Defendant. | Civil Action No. <br> 21-cv-15132-KM-CLW <br><br><br> ORAL ARGUMENT REQUESTED |

---

## PLAINTIFFS EAST ORANGE BOARD OF EDUCATION'S AND NEW JERSEY SCHOOLS INSURANCE GROUP'S REPLY IN FURTHER SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT

---

PASHMAN STEIN WALDER HAYDEN, P.C.
Roger Plawker
Howard Pashman
Court Plaza South
21 Main Street, Suite 200
Hackensack, New Jersey 07601
(201) 488-8200

*Attorneys for Plaintiffs East Orange Board of Education and New Jersey Schools Insurance Group*

## **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ...........................................................................1

**ARGUMENT** ...................................................................................................3

    **I.  THE COMPUTER FRAUD INSURING AGREEMENT
       PROVIDES COVERAGE BECAUSE A COVERED EVENT
       PROXIMATELY CAUSED THE LOSS**....................................................3

**CONCLUSION**................................................................................................12

# <u>TABLE OF AUTHORITIES</u>

Page(s)

## <u>Cases</u>

*Causeway Auto., LLC v. Zurich Am. Ins. Co.*,
  Civil Action No. 20-8393 (FLW) (DEA), 2021 WL 486917 (D.N.J. Feb. 10,
  2021) ...................................................................................................................6, 7

*Flomerfelt v. Cardiello*,
  997 A.2d 991 (N.J. 2010) .......................................................................................4

*Franklin Packaging Co. v. Cal. Union Ins. Co.*,
  408 A.2d 448 (N.J. Super. Ct. App. Div. 1979) ..................................................10

*Fraternal Order of Police, Lodge 1 v. City of Camden*,
  842 F.3d 231 (3d Cir. 2016) .................................................................................11

*Mac Prop. Grp., LLC v. Selective Fire & Cas. Ins. Co.*,
  278 A.3d 272 (N.J. Super. Ct. App. Div. 2022) ................................................4, 5

*Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*,
  No. 11-CV-726, 2013 WL 4409434 (E.D.N.Y. Aug. 2, 2013) .............................9

*Schmidt v. Currie*,
  217 F. App'x 153 (3d Cir. 2007) ...........................................................................8

*United States v. Ganier*,
  468 F.3d 920 (6th Cir. 2006) .................................................................................8

## <u>Rules</u>

Fed. R. Civ. P. 26 and 37 .........................................................................................9

Fed. R. Crim. P. 16(a)(1)(g).....................................................................................8

Fed. R. Evid. 901(b)(1) ..........................................................................................11

Fed. R. Evid. 702 .....................................................................................................8

## PRELIMINARY STATEMENT

Plaintiffs NJSIG and EOBOE argued in their cross-motion for summary judgment that there are only two narrow legal issues before the Court: (1) Did the fraudsters ███████████████████████████████████████ "impersonate" those employees; and (2) Did that impersonation cause Plaintiffs' loss?[1] In its opening brief, Defendant GAIC answered "no" to both questions and argued that only a third-party vendor was impersonated, not any employees. Now, however, GAIC's reply in further support of its motion for summary judgment and in opposition to Plaintiffs' cross-motion ("GAIC Opp. & Reply") abandons that argument and no longer disputes that criminals impersonated EOBOE employees. Nor does GAIC dispute that this impersonation ████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████ Thus, the only issue remaining is whether █████████████████████████████████████ caused the loss. The undisputed material facts demonstrate that covered events caused the Plaintiffs' loss.

GAIC argues that there is no causation because this unauthorized access was not the efficient proximate cause of the loss. But the analysis of efficient or

---

[1] Unless otherwise noted, capitalized terms used herein have the same meaning as Plaintiffs' opposition and cross-motion.

predominant cause (case law uses the phrases interchangeably) applies only where there are multiple, concurrent causes, some covered and others excluded, and the court must determine whether the covered or the excluded risk was the predominant cause of the loss. As settled law makes clear, that analysis is inapplicable where, as here, the Plaintiffs are claiming (and the facts show) that sequential causes produced the loss. Thus, the predominant cause analysis does not apply and offers no basis for denying Plaintiffs' motion for summary judgment.

This analytical flaw leads GAIC to argue that Plaintiffs have not "met their burden" to produce undisputed material facts supporting causation. However, that argument, arising as it does from a mistaken view of proximate cause, focuses on immaterial facts such as whether the same actors performed every step in the causal chain. Controlling law holds that Plaintiffs need not prove that the same people who gained widespread unauthorized access were the same ones who created and sent the January 23 Email. Plaintiffs need only show that a covered event started or ended the causal sequence, which is precisely what occurred here.

Therefore, the material facts are not in dispute and Plaintiffs are entitled to judgment as a matter of law under the computer fraud insuring agreement.

**ARGUMENT**

I.   **THE COMPUTER FRAUD INSURING AGREEMENT PROVIDES COVERAGE BECAUSE A COVERED EVENT PROXIMATELY CAUSED THE LOSS**

GAIC seeks to apply the efficient or predominant cause approach to proximate causation. *See* GAIC Opp. & Reply at Pt. I(B). But that view conflates a key distinction that New Jersey courts have recognized. The efficient or predominant cause approach applies only when an excluded risk and a covered event combine to produce a loss. But if separate, sequential causes produce a loss, then the loss is covered if a covered event started or ended the causal chain. That is exactly what happened here, as the undisputed impersonation of employees was the covered event that permitted direct access to EOBOE's computer system and set subsequent events, including the January 23 Email, in motion. Therefore, Plaintiffs' loss is covered and they are entitled to judgment as a matter of law.

The New Jersey Supreme Court has identified "two generally applicable rules" that apply to first-party coverage cases:

> In situations in which multiple events, one of which is covered, occur sequentially in a chain of causation to produce a loss, we have adopted the approach known as "Appleman's rule," pursuant to which the loss is covered if a covered cause starts or ends the sequence of events leading to the loss. On the other hand, if the claimed causes, one covered and one not, combine to produce an indivisible loss, our appellate courts have rejected claims for coverage largely because of the allocation of the

> burden of proof on the insured to demonstrate a covered
> cause for a loss.

*Flomerfelt v. Cardiello*, 997 A.2d 991, 1000 (N.J. 2010) (citations omitted).

GAIC overlooks a crucial distinction between sequential and combined causes when it erroneously declares that "'predominant causation' *is* the law." GAIC Opp. & Reply at 10 (emphasis in original). Where there are separate, sequential events, "[t]he fact that two or more identifiable causes—one a covered event and one excluded—may contribute to a single property loss does not necessarily bar coverage," provided that a covered event starts or ends the sequence. *Mac Prop. Grp., LLC v. Selective Fire & Cas. Ins. Co.*, 278 A.3d 272, 292 (N.J. Super. Ct. App. Div. 2022) (quotation and citation omitted). "In contrast, if the claimed causes, one covered and one not, combine to produce an indivisible loss . . . [then] [t]he definitive question is what predominantly caused the loss, meaning the efficient proximate cause, not where in the sequence the alleged cause of loss occurred." *Id*. at 292-93 (quotations and citations omitted). Thus, where multiple events, including excluded risks, combine to produce a loss, the question is which of those events predominantly caused the loss. But where separate, sequential events produce a loss, the question is whether a covered event started or ended the sequence.[2]

---

[2] Coverage will not be found if a policy contains an "an anti-concurrent or anti-sequential clause," which bars coverage if an excluded risk contributes in any way

Here, the undisputed facts demonstrate that covered events both started and ended the sequence and thus fall within the coverage language of the computer fraud insuring agreement. That agreement requires GAIC to pay for "loss resulting directly from the use of any computer to impersonate you, or your . . . employee, to gain direct access to your computer system . . . and thereby fraudulently cause the transfer of money . . . from your . . . banking premises to a person, entity, place or account outside of your control." GAIC SUMF at Ex. A, § B.5.

It is undisputed that events plainly falling within this language started and ended the causal chain. GAIC's reply no longer argues, as its opening brief did (GAIC Br. at 18-19), that the criminals impersonated only the third-party vendor Carahsoft, not any EOBOE employees. GAIC's reply abandons that claim entirely and offers no argument regarding impersonation, impliedly acknowledging that Plaintiffs have established that element of the Policy. Both this impersonation of employees and the resulting direct access set subsequent events in motion, including

███████████████████████████████████████████████████

███████████████████████████████████████████████████

---

to the claimed loss, regardless of whether that risk occurred sequentially or concurrently with other causes. *Mac Prop.*, 278 A.3d at 293. The Policy at issue here contains no such provision.

[3] ██████████████████████████████████████████

████████████████████████████████ Plaintiffs. SUMF at ¶ 40.

██████████████████████████████████████████████████████

██████████████████████████████████████   *See* Plaintiffs' Br. at 18-19. This

causal chain ended when the January 23 Email fraudulently caused EOBOE to pay

the criminals. When viewed under the correct law, covered events started and ended

the sequence and thus those events proximately caused the loss.

GAIC's conflation of combined and sequential causes leads it to make various

misguided arguments. One such argument is that nothing "suggests that the same

loss can have two distinct 'direct' causes." GAIC Opp. & Reply at 11. But as

explained above, there can be multiple, sequential causes for a loss and that loss is

covered if a covered event starts or ends the sequence. *See, supra,* at 3-4. Therefore,

the Plaintiffs' loss is covered because a covered event set other causes in motion that

concluded with another covered event.

GAIC's cited authority does not change this result. GAIC relies heavily on

*Causeway Auto., LLC v. Zurich Am. Ins. Co.*, Civil Action No. 20-8393 (FLW)

(DEA), 2021 WL 486917 (D.N.J. Feb. 10, 2021), in both its opening brief (GAIC

Br. at 22) and its reply (GAIC Opp. & Reply at 9-10). But that case is inapposite as

this Court was applying the "efficient proximate cause" test to determine whether

the loss fell under an excluded risk. In *Causeway*, the plaintiff's policy offered "Civil

Authority Coverage," which insured against losses to business income suffered as a

result of certain actions taken by "civil authority." *Id*. at *2. The policy also

contained an exclusion for "Loss due to Virus or Bacteria." *Id*. The plaintiff submitted a claim for business income lost as a result of New Jersey Governor Phil Murphy's stay-at-home executive orders issued early in the COVID-19 pandemic. *Id*. The carrier denied coverage based on the "virus or bacteria" exclusion. *Id*. In the ensuing coverage suit, this Court recognized that when considering whether a loss was caused by an excluded risk, New Jersey courts ask whether that risk was the "efficient proximate cause." *Id*. at *5 (stating that "if an exclusion bars coverage for losses caused by a particular peril, the exclusion applies only if the excluded peril was the efficient proximate cause of the loss.") (quotation and citation omitted). *Causeway* applied the efficient proximate cause analysis and found that the loss was excluded because it was caused by the COVID-19 virus, not any action by civil authority. The executive orders were issued solely because of the virus, so the excluded risk was "the 'but for' cause of Plaintiffs' losses." *Id*. at * 6.

Here, GAIC is not claiming that Plaintiffs' loss was caused by an excluded risk, which GAIC would bear the burden of proving if it were. *See Id*. at *4 (stating that under New Jersey law, "the burden is on the insurer to bring the case within an exclusion.") (citation omitted). Consequently, *Causeway* and the predominant causation theory applied there are inapposite.

GAIC relies on other inapposite authority in arguing that Plaintiffs have not "met their burden" to warrant summary judgment under the computer fraud insuring

agreement. GAIC Opp. & Reply at Pt. I(A). In particular, GAIC cites three cases to argue that Plaintiffs did not produce an expert report and that "conclusions based on forensic examinations and analyses of computer systems require expert testimony as they are necessarily based on 'scientific, technical or other specialized knowledge' under Fed. R. Evidence 702." GAIC Opp. & Reply at 6. But none of these cases stands for the proposition that forensic computer examinations must "necessarily" be presented through expert testimony.

In *Schmidt v. Currie*, 217 F. App'x 153 (3d Cir. 2007), the Third Circuit analyzed whether a claim against an attorney under Pennsylvania's Dragonetti Act—which prohibits wrongful use of civil proceedings—requires expert evidence. *Id.* at 154. The Third Circuit answered yes because, like a legal malpractice claim, a Dragonetti Act claim against an attorney requires an expert to establish "the applicable standard of care" and whether the attorney met that standard. *Id.* at 157.

In *United States v. Ganier*, 468 F.3d 920, 925 (6th Cir. 2006), the Sixth Circuit examined in a criminal case whether the government failed to disclose an expert pursuant to Fed. R. Crim. P. 16(a)(1)(g) when, the day before trial, the government disclosed various reports and a witness to testify about them. The Court held that the government had failed to disclose an expert pursuant to that Rule and the failure was not warranted. *Id.* 927-28.

And in *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, No. 11-CV-726, 2013 WL 4409434 (E.D.N.Y. Aug. 2, 2013), *report and recommendation adopted in relevant part*, 2013 WL 5502852 (E.D.N.Y. Oct. 1, 2013), the Court was considering whether declarations filed by the plaintiffs' CEOs in support of summary judgment constituted expert testimony that had not properly been disclosed under Fed. R. Civ. P. 26 and 37. *Id*. at *1. The Court struck portions of one of the declarations because they were "essentially providing expert evidence as to copyrightability" of certain software. *Id*. at *9). The other CEO's declaration also contained expert opinions because it addressed software not owned by his company (and therefore outside his personal knowledge) and he also drew "conclusions based on his review and examination of evidence produced by [defendant] during the course of this litigation." *Id*. at *12.

Thus, these cases clearly do not stand for the proposition that evidence related to forensic computer examinations must be presented exclusively through expert testimony. They provide no basis for denying Plaintiffs' motion.

GAIC seeks to impose other burdens on Plaintiffs not required by law. GAIC argues that Plaintiffs do not establish that "'the fraudsters,' *i.e.* the individual(s) responsible for sending the January 23 Email, ████████████████████████ ████████████████████████████████████████ ████████████████████████ GAIC Opp. & Reply at 4. *See also* GAIC Br. at 10.

However, the same actor need not perform every step in the causal sequence that produces a covered loss. *See Franklin Packaging Co. v. Cal. Union Ins. Co.*, 408 A.2d 448, 449-50 (N.J. Super. Ct. App. Div. 1979) (holding that where a covered event set subsequent events in motion, the loss was covered even though different parties acted in the chain of causation). GAIC cites no authority imposing that obligation or rebutting this principle of law, and so it is immaterial whether the same actors were behind every cause. Thus, the distinctions among actors in the causal chain urged by GAIC are not recognized by law.

GAIC also tries to reshape the record to argue that Plaintiffs have not presented undisputed material facts to support causation. In particular, GAIC argues that ██████████████████████████████████████████████████ ███████████████ GAIC Opp. & Reply at 4. However, such wordplay ignores the undisputed facts. As demonstrated in Plaintiffs' opening brief (Plaintiffs' Br. at 20-22), and not disputed by GAIC, ███████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████

███ Plaintiffs' Response at ¶¶ 23-24. Contrary to GAIC's argument, these undisputed facts form part of the causal chain that supports summary judgment for the Plaintiffs. Therefore, nobody disputes that unknown third parties impersonated employees, gained direct access to EOBOE's computer system, and then issued fraudulent payment instructions that caused the theft of EOBOE's money that was intended for a vendor. GAIC's attempts to break apart these sequential causes contradict the plain language of the Policy and the authority governing it.

Notwithstanding GAIC's conflation of combined and sequential causes, its heavy reliance on inapposite authority, and its attempt to impose novel burdens on

---

[4] Rather than dispute these facts, GAIC claims that they are "inadmissible hearsay." GAIC Opp. & Reply at 5 n. 3.  *See also* Defendant's Response to Plaintiffs' Statement of Undisputed Material Facts at ¶¶ 38, 40, 42-43, 48 (not disputing contents of emails but rather claiming that they are "inadmissible hearsay"). However, hearsay statements are routinely considered on summary judgment provided that they can be made admissible at trial.  *See Fraternal Order of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238 (3d Cir. 2016) ("[T]he rule in this circuit is that hearsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial.")  To satisfy this requirement, a party "need only explain the admissible form that is anticipated." *Id.* (quotation and citation omitted).  Here, the third-party declarant, Kroll, was deposed and the statements will be made admissible at trial through Kroll's testimony. *See* Fed. R. Evid. 901(b)(1); s*ee also Fraternal Order*, 842 F.3d at 239.  ("Plaintiffs identified the third-party declarants, and nothing suggests that those declarants would be unavailable to testify at trial. That is all that was required to survive that aspect of Defendants' motion for summary judgment.").

the Plaintiffs, there are no material facts in dispute and Plaintiffs are entitled to judgment as a matter of law under the computer fraud insuring agreement.[5]

## **CONCLUSION**

For all these reasons and those stated in their prior brief, Plaintiffs respectfully request that the Court grant Plaintiffs' cross-motion for summary judgment.

Respectfully submitted,

PASHMAN STEIN WALDER HAYDEN, P.C.

*/s/ Howard Pashman*
Howard Pashman, Esq.
Roger Plawker, Esq.
*Attorneys for Plaintiffs East Orange Board of Education and New Jersey Schools Insurance Group*

Dated: August 11, 2023

---

[5] Plaintiffs' prior brief opposed GAIC's motion for summary judgment under the forgery or alteration insuring agreement on the grounds that ambiguities in the agreement created a triable issue over the insured's reasonable expectations of the scope of coverage.  However, since Plaintiffs moved affirmatively for summary judgment only under the computer fraud insuring agreement, no additional argument in opposition is offered here with respect to the forgery or alteration coverage.